IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NORTH DAKOTA

| | |
|---|---|
| IN THE MATTER OF THE APPLICATION OF THE UNITED STATES OF AMERICA FOR A WARRANT AUTHORIZING THE DISCLOSURE OF PRECISION LOCATION DATA (GPS LOCATION) AND INSTALLATION AND USE OF PEN REGISTERS AND TRAP AND TRACE DEVICES RELATING TO THE TELEPHONE DEVICE USING CELLULAR TELEPHONE NUMBER **701-831-0803 AND 701-831-7042** AND THE DISCLOSURE OF SUBSCRIBER AND CELL SITE INFORMATION | Case No. 3:24-mj-649<br><br>**AFFIDAVIT**<br><br>**Filed Under Seal** |

## AFFIDAVIT

I, Christopher Potts, being first duly sworn, hereby deposes and state as follows:

### INTRODUCTION AND AGENT BACKGROUND

1. I am a Special Agent with the Federal Bureau of Investigation (FBI) and have been so employed since September of 2018. I am currently assigned to a squad that investigates violent crime, narcotics distribution, and crimes against children in Indian country. Before working crimes in Indian country, I spent approximately two years investigating gang-related crime in Chicago, IL. I have experience in investigating violent crimes including kidnapping, robbery, and assaults.

2. The facts in this affidavit come from my personal observations, my training and experience, and information obtained from other agents and witnesses. This affidavit is intended to show merely that there is sufficient probable cause for the requested warrant and does not set forth all of my knowledge about this matter.

### PURPOSE OF THIS AFFIDAVIT

3. This affidavit supports an application for a warrant directing **Verizon Wireless** to provide real-time and geo-location information (e.g., Global Positioning Satellite and/or cell site information) and for the installation and use of Trap and Trace and Pen register devices for

the following cellular telephone: **Verizon Wireless, <u>701-831-0803 AND 701-831-7042</u> (Hereinafter the "TARGET NUMBERS"),** known to be the phone utilized by an individual believed to be identified as KYLE DEAN as is described herein and in Attachment A, and the location information to be seized is described herein and in Attachment B.

4. Based on the information below, I have probable cause to install and use the Pen Register and Trap and Trace devices to locate or produce evidence of a crime, contraband, fruits of a crime, or other items illegally possessed, or property designed for use, intended for use, or used in committing a crime, specifically, Title 21 United States Code, Sections 841(a)(1), 846, 952, 960, and 963 (relating to the distribution of, and conspiracy to distribute and import controlled substances). There is also probable cause to believe that the location information described in Attachment B will constitute evidence of these criminal violations.

5. The following information is based on my own investigation, oral reports by other law enforcement officers, physical surveillance, public records, database checks, consensual recordings, and controlled purchases of controlled substances. Since this affidavit is for a limited purpose, I have not included every fact I know about this investigation. I set forth only facts necessary to establish foundation for the requested order. Conversations and discussions below are set forth in substance unless noted. My interpretations of certain statements are set forth in parentheses or brackets and are based upon my knowledge of this investigation. Dates and times are approximate.

6. I submit this affidavit in support of an application for a search warrant pursuant to Federal Rule of Criminal Procedure 41 and 18 U.S.C. § 2703(c)(1)(A), for 30 days of historical records containing cell site information, 30 days of prospective Pen Register / Trap and Trace device data with cell site information, and 30 days of prospective GPS "ping" data for a

cellular telephone number **701-831-0803 AND 701-831-7042**, for which are being used by KYLE DEAN. In addition to being described in Attachment A along with the information to be seized described in Attachment B, the Target Verizon Wireless and its provider is listed below:

    a. Cellular Phone Number: **701-831-0803 AND 701-831-7042**

    b. Carrier: **Verizon Wireless**

    c. Address: 180 Washington Valley Road, Bedminster, NJ 07921

## PROBABLE CAUSE

## PROBATION AUTHORIZED SEARCH OF BRANDON MATTERN'S CELLULAR PHONE

7. Lake Region Narcotics Task Force (LRNTF) Task Force Officer (TFO) Laura Wanzek conducted a review of a cellular device belonging to BRANDON MATTERN. MATTERN was arrested for violations of his probation and the LRNTF received authorization to access the device.

8. During her review, TFO Wanzek identified multiple text threads and other communications that appeared to reference narcotics trafficking. According to TFO Wanzek, an individual named KYLE DEAN provided his Cashapp information to MATTERN via text message from both of the **TARGET NUMBERS.**

9. I have reviewed the report authored by TFO Wanzek. TFO Wanzek identified communications in the device that appear to have taken place between MATTERN and DEAN at telephone number **701-831-7042**. I have included those communications below:

    a. [10/1/2024] - DEAN messaged MATTERN, "find him, [sends a Facebook page image of RYAN LENOIR]

    b. MATTERN - "k. Give me a little bit I'm pretty sure I've heard his name come up, he is here."

    c. DEAN - "hold that fucker and don't let him go."

    d. MATTERN - "well not here here but he is around here, I can have him found tho, I know where he goes and who he kicks it with and what they drive."

    e. DEAN - "find him hold him. Don't let him go and name ur price, what do u want to get him and please make it reasonable, get him big dawg. This will be a big deal for you."

    f. MATTERN – "that's the dude I was supposed to meet in fargo the other day, I dunno we can take bout it when i locate him, what needs to happen is that you and who ever needs him need to.co.e here for a day maybe a llittle longer I'll have him found and bring you to him but I ain't holding anybody tell I know who ever needs them is bout it."

    g. DEAN - "we are packing and finishing loose ends rn. Then on the way."

    h. [10/2/24] DEAN - "$deank6569"

    i. [10/3/24] MATTERN - "I don't wanna be a dick but I gotta get that cash or taht shit back."

10. TFO Wanzek located additional communications between DEAN and MATTERN in which DEAN is utilizing phone number **701-831-0803**.[1] I have included several of those communications below:

---

[1] This target number was incorrectly identified in a previous search warrant. That search warrant was not executed. The number has been corrected for this affidavit.

a. [8/29/24] DEAN - "there you go, I'm in belcourt but what ever I can't drop here I'll swing by to u."

b. MATTERN - "k"

c. DEAN - "how many could I come with and drop comfortably in a hour."

d. MATTERN - "o fuck um I'm not sure price."

e. DEAN - "what do they go for."

f. MATTERN - "to compete 40."

g. DEAN - "I'd sell them at 25 to you."

h. [8/31/24] MATTERN - "all that's up for grabs."

i. DEAN - "what kind of dirt is that, I thought the 4x4 was up for grabs, was for adults."

j. MATTERN - "Husqvarna, no it's a kids one it's worth like a couple grand."

k. DEAN - "what about the bike."

l. MATTERN - "5 z."[2]

m. [9/2/24] DEAN – "bro I have a sale for 2400 cash."

n. MATTERN - "hey what's up."

o. DEAN - "bro I have a guy with 3k and I need a plug with blues to give 1000 of them for that, can u help."

p. MATTERN - "dude never answered me on them things."

q. [9/13/24] DEAN - "$dean6569 is my cash app."

r. [9/13/24] MATTERN - "I gotta I need to get back. I only made 140 in the positive after what I got for u is covered."

---

[2] In my training and experience, I beieve that "5 z" most likely refers to 5 "zips," which is a street term for ounces.

s. DEAN - "u own those 2 bc you I asked for 200 for 6."

t. [9/16/24] DEAN - "bro I have been fuckin off my rent money and I gotta come up with it."

u. MATTERN - "well get up here can you grab some up."[3]

v. DEAN – yeah.... Fuckin only 1...."

w. MATTERN - "zip, any them.other things, only need tht z and 15 20 them deals."

11. I also submit this affidavit in support of an application for the search warrant under Federal Rule of Criminal Procedure 41 to authorize law enforcement to employ an electronic investigative technique, described in Attachment B, to determine the location of the Target Mobile Phone. The investigative technique described in Attachment B involves the use of a Cell Site Simulator ("CSS").

12. The purpose of applying for a search warrant authorizing the use of a CSS is to precisely determine the location of the Target Mobile Phone. The exact location of the Target Mobile Phone is unknown. The purpose of this warrant is to obtain the most recent historical call detail records and location-based service information to continue to locate the user of the Target Mobile Phone. Pursuant to 18 U.S.C. § 2703(c) and Rule 41(b)(2), law enforcement may locate the Target Mobile Phone outside the district provided the device is within the district when the warrant is issued.

13. Because collecting the information authorized by the cell-site simulator warrant may fall within the statutory definitions of a "pen register" or a "trap and trace device" (PRTT), see 18 U.S.C. §§ 3127(3) & (4), this application for a warrant is designed to comply with the Pen Register Statute as well as Rule 41. See 18 U.S.C. §§ 3121-3127. This warrant therefore

---

[3] I believe that "up" is a common term that narcotics distributors and users will use to describe methamphetamine.

includes all the information required to be included in a pen register order. See 18 U.S.C. § 3123(b)(1). Consistent with the requirement for an application for a pen register order, I certify that the information likely to be obtained is relevant to an ongoing criminal investigation being conducted by the Federal Bureau of Investigation (FBI) and Bureau of Indian Affairs. See 18 U.S.C. §§ 3122(b), 3123(b).

## **DELAYED NOTIFICATION AND RETENTION OF EVIDENCE**

14. Pursuant to Fed. R. Crim. P. 41(f)(2) and (3), and 18 U.S.C. § 3103a, I request permission to delay service of the warrant on the user or subscriber of TARGET NUMBER for thirty (30) days after use of the tracking device has ended because there is reasonable cause to believe that providing immediate notice of the warrant may have an adverse result as defined by 18 U.S.C. § 2705. This is an ongoing investigation, and I expect it to continue for at least 30 days after the use of the tracking device has ended. If notice of this warrant were served on the user and/or subscriber immediately, it could result in the TARGET NUMBER user's (and their associates') flight from prosecution or destruction of evidence, which would seriously jeopardize this ongoing investigation.

15. For the same reasons, pursuant to 18 U.S.C. § 2705(b), I request that this Court direct the Service Provider not to notify any other person of the existence of this warrant.

16. No tangible property, and no wire or electronic communications, shall be seized pursuant to this tracking warrant. To the extent the provision and retention of real-time tracking or geo-location (cell site, GPS, or other) information may constitute the seizure of stored electronic information not expressly provided for by Title 18, United States Code, Chapter 121, it is believed that 18 U.S.C. § 2703(c)(1)(A) expressly authorizes the provision (by the

Service Provider) and retention by agents of such information. To the extent it may not, there is reasonable necessity for the "seizure" of such information. 18 U.S.C. § 3103a(b)(2). Not allowing agents to retain the information so they may identify the user of the target phone and the user's location would defeat the only purpose of the warrant and render the warrant useless. No stored wire or electronic information shall otherwise be seized pursuant to this tracking warrant.

17. WHEREFORE, I request that the Court issue a warrant ordering **Verizon Wireless** to provide real-time tracking or geo-location information, and installation of trap and trace devices for the **TARGET NUMBER**.

_____
Christopher Potts
Special Agent
Federal Bureau of Investigation

~~Subscribed and~~ sworn to before me this 16th day of October, 2024. Via telephone.

_____
ALICE SENECHAL
UNITED STATES MAGISTRATE JUDGE